IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS WILLIAMS, )
    Petitioner, )
     )
v. ) CIVIL ACTION NO. 5:10-0424
     )
DAVID BERKEBILE, Warden, )
FCI Beckley, )
    Respondent. )

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 1, 2010, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**FACT AND PROCEDURE**

On July 1, 2009, Petitioner pled guilty in the United States District Court for the Central District of Illinois to knowingly and intentionally possessing a controlled substance, namely at least five grams of cocaine base, with the intention to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). United States v. Willaims, Criminal No. 3:09-cr-30009 (C.D.Ill. Nov. 2, 2009). On November 2, 2009, the District Court sentenced Petitioner to a 56-month term of imprisonment to be followed by a three-year term of supervised release. Id., Document No. 17. Petitioner did not appeal his conviction or sentence. The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is November 17, 2013.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On April 1, 2010, Petitioner filed the instant Application seeking a determination that he is eligible for a 12-month Residential Reentry Center [RRC] placement pursuant to the Second Chance Act of 2007. (Document No. 1.) Although Petitioner acknowledges that his projected release date is November 17, 2013, Petitioner contends that he should be immediately evaluated for RRC placement. (Id., p. 6.) Petitioner explains that he "will be entering the BOP's Residential Drug Abuse Program ("RDAP") later this year" and "[u]pon his successful completion of RDAP, Petitioner will receive a 12-month sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). (Id.) Thus, Petitioner alleges that his projected release date will be reformed to November 17, 2012. (Id.) Petitioner contends that "[l]egislative changes brought by the Second Chance Act of 2007, make Petitioner eligible for placement in Community Confinement Center on November 17, 2011." (Id.) Petitioner states that a 12-month RRC placement is necessary because he has "no money, no transportation and no meaningful employment history, other than being a drug dealer, [and] Petitioner needs a 12-month RRC placement, as such will afford conditions that will afford Petitioner a reasonable opportunity to adjust to and prepare for reentry to the community." (Id.) Petitioner appears to speculate that he will be denied a 12-month RRC placement based upon a memorandum issued by the BOP after the passage of the Second Chance Act. (Id., p. 8 - 9.) Specifically, Petitioner states that the BOP issued a memorandum that "instructs staff that all inmates are eligible for a maximum of twelve months RRC time, but that placement for longer than six months requires approval of the Regional Director." (Id., p. 8.) Petitioner argues that the BOP has failed to comply with the Second Chance Act because "the BOP has: (1) put in place a system that virtually guarantees no RRC placements beyond six months; (2) implemented practices that make court challenges to the regulations and policies difficult; (3) promulgated rules that create a strong presumption against change regarding both a 12-month RRC term and 10 percent to a maximum 6-month term in home confinement; (4) ignored the will and

intent of Congress regarding the appropriateness of earlier transition to prisoners' home communities; and (5) improperly promulgated those rules and regulations." (Id., p. 12.) Petitioner contends that his Petition is ripe for review because RRC evaluations conducted 17 to 19 months prior to a prisoner's projected release date "does not allow adequate time for prisoners to seek court resolution of the controversy under the ripeness doctrine." (Id., pp. 13 - 14.) Petitioner asserts that he "requested RRC review 30 months prior to his projected release and was denied. (Id., p. 15.) It is unclear whether Petitioner completed the administrative remedy process prior to filing his instant petition.[2] (Id.)

On April 1, 2010, Petitioner also filed a "Motion to Consolidate" requesting that his case be consolidated with Chase v. Berkebile, Civil Action No. 5:10-0367. (Document No. 2.) In support of his Motion, Petitioner states that (1) "Petitioner's Petition, except for the Statement of Facts page, is an exact duplicate of the Chase Petition;" and (2) Petitioner's Exhibits refer to the exhibits contained in the joint Appendix filed with the Court previously and cited as to Petitioner, Dennis Chase." (Id., p. 2.) The undersigned notes that in Civil Action No. 5:10-352, Dennis Chase filed the following exhibits in support of his Petition: (1) Copy of "Memorandum for Chief Executive Officers" dated April 14, 2008, regarding "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007" (Civil Action No. 5:10-352, Document No. 2, pp. 3 - 6.); (2) Copy of "Memorandum from Chief Executive Officers" dated November 14, 2008, regarding "Inmate Requests for Transfer to Residential Reentry Center" (Id., pp. 7 - 9.); (3) Copy of the Change Notice regarding Program Statement 7310.04 (Id., pp. 10 - 29.); (4) Copy of "Day Two- Working Luncheon Second Chance Act" (Id., pp. 30 - 33.); (5) Copy of the Second Chance Act of 2007 (Id.,

---

[2] Petitioner states as follows: "He began his administrative remedy process immediately, completing same on 'not applicable,' giving rise to this request for writ of habeas corpus." (Document No. 1, p. 15.)

3

Document No. 2-1, pp. 1 - 38.); and (6) Copy of 28 C.F.R. § 570 (Id., pp. 39 - 42.).

## ANALYSIS

Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of his sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placements. As amend by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required that the BOP to issue new regulations designated to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B)

determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 520.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement. Section 520.22 requires the BOP to make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. On April 14, 2008, the BOP issued a memorandum stating that the Regional Director's approval is required for pre-release RRC placements beyond six months.[3] Specifically, the memorandum provides as follows:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Civil Action No. 5:10-0352, Document No. 2, p. 6.) According to Program Statement 7310.04, the BOP should review a prisoner for RRC placement 17 to 19 months prior to the prisoner's projected release date.

---

[3] Citing *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), Petitioner argues that the BOP's memorandum exhibits an improper categorical approach to RRC placement, which is "contrary to the clear intent of Congress favoring a presumption of longer RRC placement and significant home confinement." (Document No. 1, p. 25.) First, the undersigned finds that the Ninth Circuit's holding is not controlling on this court. *See Virginia Society for Human Life, Inc. v. Federal Election Commission*, 263 F.3d 379, 393 (4th Cir. 2001)(stating that "a federal court of appeals's decision is only binding within its circuit"). Next, the undersigned finds that the BOP's memorandum is not inconsistent with the Second Chance Act where the BOP conduct's an individualized assessment, considering the five factors set forth in Section 3621(b). *See Groomes v. Warden*, 2010 WL 738306, * 7 - 8 (D.S.C. Mar. 3, 2010)(slip copy); *Garrison v. Stansberry*, 2009 WL 1160115, * 4 n. 3 (E.D.Va. Apr. 29, 2009)(slip copy).

**1.      Ripeness of Petition.**

The undersigned must first consider whether Petitioner's Petition is ripe for decision. The Court cannot decide a claim that is not ripe for adjudication. See National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). The rational behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Id. at 807 - 08 (citing Abbott Laboratories v. Gardener, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

In the instant case, Petitioner acknowledges that his projected release date is November 17, 2013.[4] Although the BOP has made no decision as to Petitioner's eligibility for RRC placement, Petitioner speculates that he will be denied 12-months RRC placement. Therefore, Petitioner requests that the Court make a determination that Petitioner is eligible for 12-months RRC placement. Pursuant to Program Statement [P.S.] 7310.04, the BOP considers a prisoner's eligibility for RRC

---

[4] Petitioner speculates that he will receive a one year sentence reduction based upon his successful completion of the RDAP program, thereby making his projected release date November 17, 2012. The undersigned notes, however, that Petitioner acknowledges he is not currently participating in the RDAP program and it is unclear at this time whether Petitioner will successfully complete the program. Moreover, even upon the successful completion of RDAP, Petitioner is not guaranteed a one year sentence reduction. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. *See Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

placement 17 to 19 months prior to his projected release date.[5] Thus, the BOP has made no determination as to Petitioner's eligibility for RRC placement. Accordingly, the undersigned finds that Petitioner's claim for RRC placement is premature and should be dismissed. See Moore v. Driver, 2008 WL 4661478, * 3 (N.D.W.Va. Oct. 21, 2008)(finding that petitioner's claim for RRC placement was not ripe "[b]ecause his release date is more than 17 to 19 months in the future").

### 2. **Exhaustion Requirement:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court.[6] See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d

---

[5] Petitioner will not be considered for RRC placement until May, 2012 (19 months prior his projected release date).

[6] Exhaustion may be excused under ceratin circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims").

291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date"). Although Petitioner indicates that he exhausted his administrative remedies in the instant case, the undersigned finds that exhaustion was improper because Petitioner attempted to exhaust his claim for RRC placement before the issue was ripe.[7] Accordingly, the undersigned finds that Petitioner's Petition should also be dismissed based upon his failure to properly exhaust his administrative remedies.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

---

[7] Petitioner states that early evaluation is necessary to "allow adequate time for prisoners to seek court resolution of the controversy under the ripeness doctrine." The undersigned notes, however, that the 12-month RRC period is a statutory maximum. It is not mandatory that prisoner's receive 12-months in RRC placement. *See* 18 U.S.C. § 3624(c); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: May 21, 2010

_R. Clarke VanDervort_
R. Clarke VanDervort
United States Magistrate Judge