IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THOMAS WILLIAMS,

        Petitioner,

v.                                  CIVIL ACTION NO. 5:10-cv-00424

DAVID BERKEBILE,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1]. By Standing Order [Docket 3] entered on April 1, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On May 21, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 6]. He recommends that the Court find that Petitioner's Petition is not ripe for adjudication and that he has not exhausted his administrative remedies prior to seeking review under Section 2241. He further recommends that the Court dismiss Petitioner's Application for Writ of Habeas Corpus without prejudice. On June 16, 2010, Petitioner filed his response to the PF & R [Docket 10].

I.

Petitioner pled guilty to Conspiracy to knowingly and intentionally possess a controlled substance in violation of 21 U.S.C. §§ 841(A)(1) and (b)(1)(B) in the United States Court for the Central District of Illinois on July 1, 2009. *United States v. Williams*, Crim. No. 3:09-cr-30009 (C.D. Ill. Nov. 2, 2009). On November 2, 2009, he was sentenced to fifty-six months of imprisonment followed by three years of supervised release. *Id.* He is currently serving his sentence at FCI Beckley in Beaver, West Virginia. His projected release date is November 17, 2013. He filed his Section 2241 Petition on April 1, 2010, challenging the Bureau of Prison's policies relating to the placement of inmates in residential re-entry centers. He asserts that he will have entered into a residential drug abuse program ("RDAP") later in 2010 and upon successful completion of that program he will be eligible for a twelve month sentence reduction pursuant to 18 U.S.C. § 3621(e)(2(B).

II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting pro se, and his

pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

III.

The issues posed by Petitioner are the subject of several pro se prisoner habeas petitions pending before this Court at the moment. Indeed, petitioners in the identical cases have requested consolidation and class certification to allow for their claims to be resolved at once. These requests have been denied.

Petitioner alleges that the Bureau of Prisons ("BOP") has promulgated policies and regulations that categorically deny inmates placement into residential re-entry centers longer than six months, despite Congressional intent that the limit be extended to twelve months. He asserts that these policies violate 18 U.S.C. §§ 3621(b), 3624(c), and the Administrative Procedure Act ("APA"). At the core of Petitioner's claim is BOP policies in implementing the federal statutes granting the BOP discretion in placing inmates and allowing the pre-release of prisoners to serve the final portion of their sentence in some sort of community re-entry program, referred to in this opinion as an RRC. The statute providing for the placement of inmates, 18 U.S.C. § 3621, provides as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;

> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

28 U.S.C. § 3621(b). This statute grants the BOP authority to designate an inmate's placement in an appropriate facility, including an RRC. The BOP must consider the five factors set forth in the statute in making that designation, but it is not restricted as to when, during an inmate's sentence, it makes a designation.

The second statute at issue, 18 U.S.C. § 3624, obligates the BOP to consider an inmate's RRC eligibility toward the end of his sentence, and limits the portion of an inmate's sentence that he may spend in an RRC. In 2007, § 3624 was amended by the Second Chance Act to extend from six months to twelve months the portion of the sentence that may be served in such a program. Section 3624 now provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a

> reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement," as opposed to the placement of an inmate in an RRC, at any other point during his sentence, pursuant to § 3621(b), which can be distinguished as "anytime RRC placement."

Petitioner complains that the BOP has yet to grant a prisoner at FCI Beckley placement at an RRC for longer than the final six months of his sentence and has implemented policies to prevent any inmate from being considered for RRC placement for longer than six months. He asserts BOP-issued memoranda and program statements essentially foreclose any possibility of RRC placement for longer than six months. Specifically, he points to two memoranda addressed to "Chief Executive Officers" from the Assistant Director of Correctional Programs Division and the Assistant Director/General Counsel dated April 14, 2008, and November 14, 2008.

The April 14, 2008, memorandum describes the impact of the Second Chance Act on the statutory authority for pre-release placement. It informs BOP staff that the pre-release time frame increased from six months to a maximum of twelve months, and the pre-release placement decisions are required to be made on an individual basis now. (Apr. 14, 2008, Mem. 2.) The memorandum explains that staff must make those decisions earlier, seventeen to nineteen months before an inmate's projected release date to account for the increase in maximum placement time. (Apr. 14, 2008, Mem. 3.) The memorandum goes on to require staff to use the five factors in § 3621(b) in considering pre-release placement. It advises staff that inmates may not be automatically precluded from pre-release placement and an inmate's "pre-release RRC decision must be analyzed and

supported under the five-factor criteria." (Apr. 14, 2008, Mem. 4.) The paragraph in the memorandum relating to Petitioner's claims is paragraph III(D) on page four. It provides:

> While the [Second Chance] Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Apr. 14, 2008, Mem. 4.)

The November 14, 2008, memorandum addresses placement of inmates into RRCs when more than twelve months remain from their projected release date, or anytime RRC placement. That memorandum also requires staff to make individualized decisions on an inmate's request for transfer to an RRC during their sentence. (Nov. 14, 2008, Mem. 1.) It provides that "An RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." (Nov. 14, 2008, Mem. 3.)

Petitioner contends that the promulgation of these BOP policies categorically denies inmates the opportunity to spend more than six months in an RRC, in violation of the Congressional intent behind the increase to a maximum of twelve months in 18 U.S.C. §§ 3621(b) and 3624(c). However, Petitioner fails to assert in his Amended Petition how these policies have injured him -- one defect among several that the Court will discuss below.

The problem Petitioner, and others in his position, encounter with respect to § 3624(c) is that the BOP may consider a prisoner's eligibility for pre-release RRC placement under that statute seventeen to nineteen months prior to his projected release date. Thus, the earliest Petitioner will know whether the BOP will place him in an RCC at all, let alone for no more than six months, is April 17, 2012, nineteen months before his release date. This presents issues of ripeness and

exhaustion because, insofar as Petitioner objects to a speculative denial of RCC placement longer than six months, his claim is premature. Additionally, prisoners are required to exhaust administrative remedies prior to seeking habeas relief, and it is unclear what remedies Petitioner has pursued, if any, and what remedies are available to him for his claims relating to the future application of BOP policies to his sentence.

These problems were addressed by the magistrate judge in his PF&R. He found that inasmuch as Petitioner's eligibility for RRC placement would not occur for at least another year, his claim for RRC placement is premature.[1] Judge VanDervort further found that prisoners filing petitions pursuant to 28 U.S.C. § 2241 are required to exhaust their administrative remedies prior to seeking habeas relief, and in this case Petitioner is unable to exhaust those remedies before his claims are ripe. Based on these findings, the magistrate judge recommends this Court dismiss the petition.

IV.

Petitioner responded to the PF&R on June 16, 2010, objecting to the findings with respect to ripeness and exhaustion of remedies. First addressing ripeness, Petitioner asserts that "overwhelming evidence exists that shows Petitioner will be denied more than six months RRC placement when he is finally assessed for such placement." (Resp. 5.) He refers to the evidence that BOP policies preclude RRC placements beyond six months, and that no prisoner at FCI or FCP

---

[1] Judge VanDerfort noted that, at the time of the Petition, Petitioner was not participating in an RDAP and the BOP had made no determination as to his eligibility for a sentence reduction. He also explained that the inmates who successfully complete substance abuse programs do not have a liberty interest in the provisional early release date. (PFR 6, n.4.) Petitioner did not address this issue in his objections.

Beckley, or in the BOP's Mid-Atlantic Region as well as several other regions, have received a placement for longer than six months. (Resp. 5.) He alleges that the policies and practices of the BOP, not to place inmates for longer than six months, amount to imminent future harm. As to exhaustion of remedies, Petitioner alleges that exhaustion is not required in his case because the remedy process is not designed to resolve systemic challenges and for that reason exhaustion would be futile. (Resp. 16-17.)

V.

Petitioner sets forth a claim for relief from what he presumes will be the future denial of his placement in an RRC for longer than six months pursuant to § 3624(c). His contention that the exhaustion requirement should be waived implies that he has not exhausted administrative remedies. However, statements in his petition indicate that some exhaustion of administrative remedies has been attempted.

With respect to Petitioner's claim, the memoranda and regulations of which he complains have not yet been applied to him. He will be not entitled to § 3624(c) placement until April 2012, so to the extent he claims the BOP is using those memoranda or internal policies to limit his placement to six months, his potential "injury" has not occurred.

Article III of the Constitution of the United States grants judicial power over cases or controversies arising from the Constitution or the laws of the United States. U.S. Const. Art. III § 2, cl. 1. The "core component" of Article III's case-or-controversy requirement is that litigants have standing to bring an action before a federal court. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In order to have standing to bring his action, Petitioner must demonstrate, among other things, that his claims are ripe.

Ripeness requires "specific present objective harm or a threat of specific future harm[.]" *Laird v. Tatum,* 408 U.S. 1, 14 (1972). In deciding whether an issue is ripe, the Court must decide "whether the issue is substantively definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration." *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 602 (4th Cir. 1997) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *modified on other grounds by Califano v. Sanders*, 430 U.S. 99, 104, 97 (1977); *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir.1992)).

Here, Petitioner cannot assert that the BOP's interpretation of § 3624(c), as proclaimed in its memoranda, has presented an objective harm to him because it will not be applied to him until April 2012. He alleges that the BOP's memoranda and past practices present a specific future harm sufficient to meet the ripeness requirement. (Resp. 6.) However, the Supreme Court of Appeals for the United States has held that the requirements of fitness and hardship contemplate that "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998); *see also Charter Federal Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir.1992); *cert. denied*, 507 U.S. 1004 (1993). An action by the BOP is not fit for review if it is "dependent upon future uncertainties[.]" *See Charter Federal Sav. Bank*, 976 F.2d at 208. Petitioner has not demonstrated that an immediate hardship will occur if the Court does not consider this issue at this point in time because the BOP's interpretation of § 3624(c) has no actual impact on Petitioner's "day-to-day" affairs. *See Abbott Laboratories,* 387 U.S. at 152. Since the BOP has taken no action against Petitioner with respect to his pre-release RRC placement eligibility, and because it is uncertain whether he will be placed in an RRC *at all*, let alone for more than six months, the Court finds that his § 3624(c) claim is not ripe for review.

VI.

For the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation be **ADOPTED** and that Petitioner's habeas claims with respect to a future denial of pre-release RRC placement for longer than six months pursuant to 18 U.S.C. § 3624(c) be **DISMISSED** without prejudice.  The Court further **ORDERS** that this case be stricken from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 2, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA